# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                      CASE NO. 8:12-CR-94-T-30EAJ

BYRON ORLANDO LOPEZ DELGADO,

      Defendant.

_____/

## ORDER

This Cause is before the Court upon Defendant's *pro se* Motion to Dismiss the Indictment or in the Alternative for a Hearing (Dkt. 89). Because the motion challenges the validity of the judgment and sentence in Defendant's criminal case, the proper motion is a motion to vacate, pursuant to 28 U.S.C. § 2255.[1]

*Castro v. United States*, 540 U.S. 375 (2003), instructs that a District Court must advise a movant it intends to recharacterize a criminal post-conviction motion as a § 2255 motion and warn the movant about the consequences of recharacterizing the motion as a motion seeking relief pursuant to § 2255. The Court hereby advises Defendant of its

---

[1] 28 U.S.C. § 2255 affords the exclusive remedy for challenging a federal conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981). As Defendant challenges the Court's jurisdiction, § 2255's remedy is not inadequate or ineffective as it specifically "includes jurisdictional challenges in its enumeration of grounds for relief from sentence that may be asserted under" it. *Williams v. United States*, 383 Fed. App'x 927 (11th Cir. 2010) (unpublished). Defendant's request that this Court construe his motion as a 28 U.S.C. § 2241 motion if necessary is denied as his jurisdictional challenge is not proper under § 2241.

intention to recharacterize his motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 unless Defendant informs the Court otherwise.

The Court cautions Defendant that such recharacterization will render subsequent § 2255 motions subject to each of the procedural limitations imposed upon § 2255 motions. Specifically, subsequent § 2255 motions will be barred as successive under the successive petition bar applicable to post-conviction motions.[2]  Defendant would need to obtain the permission of the Eleventh Circuit Court of Appeals before filing a successive § 2255 petition.  Defendant should also be aware that § 2255 imposes a one (1) year period of limitation on the filing of a § 2255 motion.[3]

In his motion, Defendant seems to rely on *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), which concerns Congress's ability under the "Offences Clause" of Article I, Section 8, Clause 10 of the United States Constitution to proscribe drug-trafficking activity in the territorial waters of foreign countries, *see id.* at 1258.  If that is the basis for his § 2255 motion, he should explain how *Bellaizac-Hurtado* applies when it appears factually distinguishable from his case.  Specifically, Defendant admitted in his Plea Agreement's "Facts" section that the United States Coast Guard apprehended him "in international waters approximately 200 [nautical miles] southwest of Guatemala[,]" (Dkt. 24, Plea Agreement, 17), placing Defendant in international waters, well beyond any territorial

---

[2] 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an Order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

[3] "A 1-year period of limitation shall apply to a motion under this section."  28 U.S.C. § 2255(f).

sea. *See U.S. v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003) (stating the United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts).

Finally, the Court advises Defendant that, in addition to addressing the foregoing issue, he should amend his motion to assert all additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this Court.

Accordingly, the Court **ORDERS** that on or before **April 18, 2013**, Defendant shall advise this Court whether he seeks to do one (1) of the following:

1.      Proceed before this Court pursuant to 28 U.S.C. § 2255 on those claims presented in his  Motion to Dismiss the Indictment or in the Alternative for a Hearing (Dkt. 89);

2.      Amend his motion to assert all additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this Court; or

3.      Withdraw his Motion to Dismiss the Indictment or in the Alternative for a Hearing (Dkt. 89).

Defendant is **CAUTIONED** that if he fails to file a timely response in compliance with this Order, which requires that he advise the Court that he wishes to do one of the above, the Clerk will be directed to open a civil case, and this cause shall proceed as an

action under 28 U.S.C. § 2255, with the Court considering only those claims presented in his original motion (Dkt. 89).

The Clerk of Court is **DIRECTED** to provide Defendant with the form used for filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 with Defendant's copy of this Order.

**DONE** and **ORDERED** in Tampa, Florida on March 18, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2012\12-cr-94 Delgado mtd 89.wpd

4